NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50158 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00285-R-1 |
| v. | |
| CHRISTOPHER MCGRATH, AKA David Powers, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted May 17, 2019**
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and BAYLSON,*** District
Judge.

Christopher McGrath appeals from the district court's order revoking his

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Michael M. Baylson, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

conditional release from commitment. This appeal arises from a 2013 trespassing offense at Los Angeles International Airport, to which McGrath pled not guilty by reason of insanity. As the parties are familiar with the facts, we do not recount them here. We remand.

The parties agree that, under 18 U.S.C. § 4243(d), McGrath bore the burden to prove "by a preponderance of the evidence" that "his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." The district court erred by applying a heightened burden of proof, requiring that McGrath "*guarantee* to the Court that he's not a danger." Accordingly, we remand for the district court to apply the correct preponderance standard in the first instance. *See* 18 U.S.C. § 4243(d).

In addition, we instruct the Chief Judge of the Central District of California to reassign this case to a different district judge on remand because "reassignment is advisable to preserve the appearance of justice." *United States v. Wells*, 879 F.3d 900, 938 (9th Cir. 2018) (citation omitted).

**REMANDED** with instructions to reassign to a different district court judge.